Nos. 21-12618 et al.

UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

FRANK CHANDLER, *et al.*,
       *Plaintiffs-Appellants*

v.

GLENMARK PHARMACEUTICALS, INC. USA, *et al.*,
       *Defendants-Appellees*

On Appeal from the United States District Court
for the Southern District of Florida
MDL No. 2924

**NOTICE IDENTIFYING ORDERS APPEALED FROM**

September 30, 2025      Ashley Keller
              KELLER POSTMAN LLC
              2333 Ponce de Leon Blvd.
              Suite R240
              Coral Gables, FL 33134
              Tel: (312) 741-5222
              ack@kellerpostman.com

              *Counsel for Plaintiffs-Appellants*

*Chandler v. Glenmark Pharmaceuticals, Inc. USA*
Nos. 21-12618 et al.

## CERTIFICATE OF INTERESTED PERSONS

Pursuant to Eleventh Circuit Rule 26.1-1, counsel for Plaintiffs-Appellants hereby certifies that the previously filed certificate remains correct.

Dated:   September 30, 2025

Respectfully submitted,

/s/ *Ashley Keller*
Ashley Keller
KELLER POSTMAN LLC
2333 Ponce de Leon Blvd.
Suite R240
Coral Gables, FL 33134
Tel: (312) 741-5220
ack@kellerpostman.com

*Counsel for Plaintiffs-Appellants*

*Chandler v. Glenmark Pharmaceuticals, Inc. USA*
Nos. 21-12618 et al.

**NOTICE IDENTIFYING ORDERS APPEALED FROM**

The Court ordered "the parties in case nos. 21-12618, 21-14325, 23-10640, 23-11080, 23-12584, 23-12742, 23-13155, 23-13182, and 23-13283 . . . to file notices identifying which specific district court orders they are appealing, by case and master docket entry number. The parties shall also identify which claim and/or issue the order applies to." Dkt. 488. Appellants believe that the most helpful way to organize a response to this order is by answering each question with respect to the five briefs that Appellants filed in this consolidated appeal.

First, the Generic-Only Plaintiffs-Appellants filed a brief in Case 21-12618.[1] These Appellants named only Generic Defendants and had Rule 58 judgment entered before the *Daubert* phase of the case.[2] For the avoidance of doubt, Generic-

---

[1] Notably, both the Generic-Only brief and the Personal Injury Omnibus were filed under this case number. This is due to an idiosyncrasy in how the Clerk's Office docketed the case, which placed together under this case number both the Generic-Only Appellants and certain Appellants that sued both Generic Defendants and other Defendants.

[2] As this Court recognized, "These appellants are: Bodey, Joshua, 9:21-cv-81169; Burnett, Arnold W., 9:21-cv-80486; Colbert, Ruth, 9:21-cv-80683; Comerford, Loraine L. & Robert, 9:21-cv-80978; Darocha, La Tonya (Bess, Estate of Beatrice), 9:21-cv-81034; Doby, Gloria, 9:21-cv-80738; Ford, Peggy (McGill, Estate of Violene), 9:20-cv-82446; Hoback, Jason, 9:21-cv-81114; Johnson, Jeffrey, 9:21-cv-81041; McLeod, Hope, 9:21-cv-80835; Mullins, Garrett, 9:21-cv-80017; O'Driscoll, Patricia (Estate of Neil), 9:21-cv-80167; Osorio, Nester (Estate of Mary), 9:21-cv-80898; Reyna, Nicolas & Jay, Jeanette, 9:21-cv-80471; Smart, Daniel & Catherine, 9:20-cv-82427; Taylor, Alva, 9:21-cv-81063; Wessman, Henry, 9:21-cv-80888; and Wishop, Raymond, 9:21-cv-80684." *Chandler v. Glenmark*

Only Appellants challenge subject-matter jurisdiction, and as such, they challenge every order the district court issued. Without waiving that overarching argument, the following chart explains which orders the Generic-Only Appellants are appealing.

| Master Docket | Order Description | Issue |
|---|---|---|
| 876[3] | Pre-Trial Order | Diversity Jurisdiction |
| 2512 | Generic Preemption | Preemption |
| 3750[4] | Generic Preemption (amended pleading) | Preemption |

Second, Appellant Harrell filed a brief in case number 23-12584. The following chart explains which orders Appellant Harrell is appealing:

| Docket Entry | Order Description | Issue |
|---|---|---|
| MDL.Dkt.5166 | Denying motion to remand | Subject matter jurisdiction |

---

*Pharmaceuticals, Inc. USA*, Case No. 21-12618 Dkt. 340 at 2, n.1 (11th Cir., Oct. 18, 2023).

[3] The briefs cite multiple orders to show that the cases are merged. This order is listed because it is the earliest such order.

[4] This Order itself cites and relies upon prior orders, such as the preemption orders applicable to the Brand Defendants. *See, e.g.*, MDL.Dkt.3750 at 23 (citing "docket entry 3715"). Those other orders do not of their own force apply to the Generic-Only Appellants (who did not sue Brand Defendants), and so are not listed here (but are separately listed below, for the Personal Injury Omnibus brief). However, to the extent challenging those other orders is necessary to challenge the orders listed here, Appellants expressly challenge those orders too.

| MDL.Dkt.6766[5] | Entering judgment | Subject matter jurisdiction |
|---|---|---|
| *Harrell*.Dkt.42 | | |

Third, Appellants Base and Cavacini filed another brief under case number 23-12584. The following chart explains which orders Appellants Base and Cavacini are appealing:

| Master Docket | Order Description | Issue |
|---|---|---|
| 6766 | Entering judgment | Dismissal without Rule 41 findings; dismissal with prejudice rather than without |

Fourth, all remaining personal injury plaintiffs filed a joint brief in case nos. 21-12618, 21-14325, 23-10640, 23-11080, 23-13155, 23-13182, and 23-13283. Without waiving the overarching argument that there is no subject matter jurisdiction for any order, the following chart explains which orders the remaining personal injury Appellants are appealing:

---

[5] The notice of appeal refers to "D.E. 42 on her individual docket," which corresponds to 6766 on the master docket (her individual docket is 9:21-cv-82174). The equivalent orders on the master docket and individual docket were issued on different days because the Clerk's Office took a few days to apply the master docket order to her case.

| Master Docket | Order Description | Issue |
|---|---|---|
| 876[6] | Pre-Trial Order | Diversity Jurisdiction |
| 2512 | Generic Preemption | Preemption |
| 2513 | Retailer and Distributor Preemption | Preemption |
| 2516 | Innovator Liability | Innovator Liability |
| 2532 | Brand Preemption | Preemption |
| 3715 | Brand Preemption (amended pleading) | Preemption |
| 3716 | Retailer and Pharmacy Preemption (amended pleading) | Preemption |
| 3719 | Innovator Liability (amended pleading) | Innovator Liability |
| 3750 | Generic Preemption (amended pleading) | Preemption |
| 6120 | *Daubert* Order | *Daubert* |
| 6303 | Show Cause | Diversity Jurisdiction; Due Process |
| 6310 | Indicative Ruling | Jurisdiction; Misapplication of Rule 60. |

---

[6] The briefs cite multiple orders to show that the cases are merged. This order is listed because it is the earliest such order.

*Chandler v. Glenmark Pharmaceuticals, Inc. USA*
Nos. 21-12618 et al.

| 6317 | Denying Cartee's Motion for Judgment | Diversity Jurisdiction; Due Process |
| 6444 | Show Cause (regardless of date) | Diversity Jurisdiction; Due Process |
| 6622 | Granting Summary Judgment | Diversity Jurisdiction; Due Process; *Daubert* |
| 6974 | Vacating Rule 54(b) Judgments | Jurisdiction; Misapplication of Rule 60; Due Process |

Fifth, the Economic Loss and Medical Monitoring Putative Class Appellants filed a brief under case number 23-12742. The following chart explains which orders these Appellants are appealing:

| **Master Docket** | **Order Description** | **Issue** |
|---|---|---|
| 2512 | Generic Preemption | Preemption |
| 2513 | Retailer and Distributor Preemption | Preemption |
| 2515 | Standing | Class Action Standing |
| 2532 | Brand Preemption | Preemption |
| 3715 | Brand Preemption (amended pleading) | Preemption |

| 3716 | Retailer and Pharmacy Preemption (amended pleading) | Preemption |
| --- | --- | --- |
| 3750 | Generic Preemption (amended pleading) | Preemption |
| 6120 | *Daubert* Order | *Daubert* |
| 6303 | Show Cause | Due Process |
| 6484 | Show Cause (Class) | Due Process |
| 6639 | Second Order to Show Cause (Class) | Due Process |
| 6622 | Granting Summary Judgment | Due Process; *Daubert* |
| 6795 | Granting Summary Judgment | Standing; *Daubert*; Due Process |

Appellants have interpreted the Court's questions as asking for clarification of the record in order to aid in the Court's review, rather than as a request to identify orders entered in individual case numbers that give effect to the orders challenged in Appellants' briefs. To the extent that the Court was seeking additional or different information, Plaintiffs request the right to supplement this response.

*Chandler v. Glenmark Pharmaceuticals, Inc. USA*
Nos. 21-12618 et al.

Dated:  September 30, 2025         Respectfully submitted,

<u>/s/ Ashley Keller</u>
Ashley Keller
KELLER POSTMAN LLC
2333 Ponce de Leon Blvd.
Suite R240
Coral Gables, FL 33134
Tel: (312) 741-5222
ack@kellerpostman.com

*Counsel for Plaintiffs-Appellants*

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because it contains 947 words, excluding the parts exempted by Fed. R. App. P. 32(f).

This brief complies with the typeface requirements of Fed. R. App. P. 32(a) because it has been prepared in a proportionately spaced typeface using Microsoft Word Times New Roman 14-point font.

Dated: September 30, 2025

        */s/ Ashley Keller*
        Ashley Keller
        *Counsel for Plaintiffs-Appellants*

*Chandler v. Glenmark Pharmaceuticals, Inc. USA*
Nos. 21-12618 et al.

## CERTIFICATE OF SERVICE

On September 30, 2025, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Eleventh Circuit by using the CM/ECF system. All participants in this case are registered CM/ECF users, and service will be accomplished by the CM/ECF system.

*/s/ Ashley Keller*
Ashley Keller
*Counsel for Plaintiffs-Appellants*